OPINION
Defendant-appellant, Paul Pumerano, appeals from the judgment of the trial court which found him to be a sexual predator. Defendant raises ten assignments of error, nine of which challenge the constitutionality of the sexual predator determination. The identical arguments raised by these nine assignments were addressed and rejected by the Ohio Supreme Court, State v. Cook (1998), 83 Ohio St.3d 404, and recently by this court, State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. For purposes of this opinion, therefore, we need address only the third assignment of error, which challenges the substance of the trial court's sexual predator determination for defendant. For the reasons that follow, we find the record does not provide clear and convincing evidence to support the sexual predator label and reverse the judgment of the trial court.
On October 8, 1987, a jury convicted defendant of one count of rape. The trial court sentenced defendant to 10 to 25 years incarceration, and this court affirmed the decision. State v.Primerano (Dec. 15, 1988), Cuyahoga App. No. 54725, unreported. Thereafter, pursuant to H.B. 180, Ohio's sexual predator law, R.C. 2950.09(C), the trial court held a hearing to have defendant declared a sexual predator. In that hearing the court had before it the file in the rape case and stated that a presentence report had been "prepared in conjunction with this particular matter." As the transcript reveals, the trial court expressly relied upon this presentence report[1] and upon a journal entry in a separate gross sexual imposition case, which had been heard by another judge. On the basis of the presentence report, the trial court found that the rape charge involved two separate dates and two different victims, aged 12 and 22.[2] The defendant was convicted, however, of only one count of rape. Additionally, the court found that defendant was also convicted of breaking and entering and robbery in 1986 and that defendant pleaded guilty to gross sexual imposition in 1989.[3] At the conclusion of this hearing, the trial court found defendant to be a sexual predator.
Defendant's first assignment of error argues that H.B. 180 was unconstitutional as an ex post facto law and states as follows:
 I. H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ARTICLE I, SECTION 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ARTICLE II, SECTION 28 OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
This argument was recently rejected by the Ohio Supreme Court inCook. Accordingly, this assignment is overruled.
Assignments of error numbers two and four through ten raise other constitutional arguments as follows:
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. H.B. 180, AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10
OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANTS CONSTITUTIONAL RIGHT TO PRIVACY.
 X. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 9 OF THE OHIO CONSTITUTION.
In State v. Ward, supra, this court, relying upon State v.Cook, supra, rejected the identical argument raised in each one of these assignments. We agree with Ward's analysis of these issues and overrule the above eight assignments of error in the case at bar.
The remaining assignment of error challenges the substance of the trial court's determination that defendant is a sexual predator. This assignment states as follows:
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
Regarding the standard to be applied when reviewing the merits of a sexual predator determination, this court recently stated as follows:
 A sexual predator is defined in R.C. 2950.01(E) as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(3) states: After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. * * * If the judge determines by clear and convincing evidence that the offender is a sexual predator, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is a sexual predator and shall specify that the determination was pursuant to division (B) of this section.
* * *
 The statute requires the court to find by clear and convincing evidence that an offender is "likely to" commit a sexually oriented offense in the future. Stated differently, the standard is whether there exists proof that produces a firm belief or conviction that an offender will more likely than not commit another sex offense in the future.
 The factors the court must consider when making a sexual predator determination are set forth in R.C. 2950.09(B)(2):
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offenders conduct.
 When determining whether a person is a sexual predator, the court must consider all relevant factors, including those listed in R.C. 2950.09(B)(2). "The statute does not require the court to list the criteria, but only to `consider all relevant factors, including' the criteria in R.C. 2950.09(B)(2) in making his or her findings." Cook, 83 Ohio St.3d at 426.
Ward, at 8-10.
In Ward, this court, reversing a determination that the defendant was a sexual predator, warned that a single conviction of defendant may not be enough. The court noted that the state had to demonstrate that the defendant was "likely to engage in the future in one or more sexually oriented offenses." This court stated as follows:
 But simply committing a single sexually oriented offense is not proof, without further evidence or other compelling facts, that the offender is "likely to engage in the future in one or more sexually oriented offenses." Had the legislature intended the result argued by the state, it would have done away with the hearing and weighing of evidence and simply classified any person committing a sexually oriented offense as a sexual predator.
Ward at 12. The Ward court concluded that, although defendants single conviction presented support for some of the factors enumerated in R.C. 2950.09(B)(2) (for example, the age of the victim, defendants cruelty during the offense, and the offense itself), the evidence did not show by clear and convincing evidence that defendant, more likely than not, is predisposed to commit another sexually oriented offense. Finally, this court noted in Ward that the trial court did not review the presentence report and remanded the case, directing the court to consider the record available.
In the case at bar, the trial court erred as a matter of law in making the sexual predator determination. In the "sentencing addendum" form, the court checked the following: "The defendant is automatically classified as a Sexual Predator pursuant to R.C.2950.09(A)." Defendant cannot be classified as a sexual predator under R.C. 2950.09(A), however, because this statutes applies only to defendants who are charged with the sexual predator label in the indictment. Because defendant was never charged in the indictment with being a sexual predator, he was not subject to the automatic provision of R.C. 2950.09(A). Rather, he can be labeled a sexual predator only under R.C. 2950.09(B), after a hearing. While the court did hold a hearing, the journal entry states that the defendant was automatically determined to be a sexual predator under R.C. 2950.09(A). Therefore, the trial court's determination that defendant was a sexual predator was contrary to law.
On remand, the court shall hold a hearing to determine whether defendant is a sexual predator under R.C. 2950.09(B). At the hearing the state and trial court shall place into the record any evidence (for example, presentence reports under seal, postsentence reports under seal, journal entries of past convictions, or witness testimony) which would support a sexual predator determination. Obviously, due process requires that defense counsel be given a reasonable opportunity to review the reports and to present evidence to establish that defendant is not likely to commit a sexually oriented offense in the future. Defense counsel should have ample notice to review the above records and, if need be, obtain expert testimony. Further, the trial court is encouraged to indicate on the record how it judges the reliability of the information it relies upon, especially if that information consists of hearsay or matters not litigated.
Judgment reversed and remanded.
This cause is reversed and remanded.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, PRESIDING JUDGE.
[1] No presentence report, however, was filed in this record. When this court attempted to obtain a copy of the reports for the gross sexual imposition case and the rape case, it was advised by the Probation Department that none had been prepared for either. In fact, in both cases the sentencing occurred the same day as the verdict. Thus it is highly improbable that there was time to prepare any presentence report.
[2] The record includes the appellate decision which provides substantial details, but there is no reference to more than one victim or her age. Nor is her age found anywhere in the record on appeal.
[3] There is nothing in the record to support these two findings. Only the file in the 1989 rape case was included in the record of the sexual predator hearing. However, this court is aware of a presentence report prepared in the 1986 case under the name of Paul Prilerano. That the trial court may have relied on a presentence report prepared for another judge in another case report defense counsel might not even be aware was before the judge in the case at bar puts an even greater burden on the trial court to specify with precision the evidence upon which it bases its decision. Moreover, as with any other judgment, evidence the trial court relies upon should be included in the record.
KENNETH A. ROCCO, J., and
ANNE L. KILBANE. J., CONCUR.